1  **GARTH W. AUBERT – SBN 162877**
**EDUARDO MARTORELL – SBN 240027**
2  **MENDES & MOUNT, LLP**
445 S. Figueroa Street, 38th Floor
3  Los Angeles, CA 90071-1601
Tel.: (213) 955-7700/ Fax: (213) 955-7725
4  Email: Garth.Aubert@mendes.com
Email: Eduardo.Martorell@mendes.com
5
Attorneys for Defendant
6  **PRATT & WHITNEY CANADA CORP.**

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  GEORGE GUND III, Individually,        ) CASE NO.  C 07  4902
    and as the personal representative of  )
12  the ESTATE OF GREG GUND;              ) [Removal from Superior Court of
    THEO GUND, an individual, (and        ) California for the County of San
13  divorced from GEORGE GUND);           ) Francisco, Case No. CGC-07-465133]
    GEORGE GUND IV, an individual;        )
14  and GG AIRCRAFT, LLC,                 ) **DEFENDANT PRATT & WHITNEY**
                                          ) **CANADA CORP.'S NOTICE OF**
15                  Plaintiffs,           ) **REMOVAL OF ACTION UNDER 28**
                                          ) **U.S.C. § 1332(A) AND § 1441(B)**
16  vs.                                   )
                                          ) **[DIVERSITY OF CITIZENSHIIP]**
17  PILATUS AIRCRAFT, LTD.;               )
    PILATUS BUSINESS AIRCRAFT,            ) Complaint Filed: July 13, 2007
18  LTD.; PRATT & WHITNEY                 )
    CANADA CORP.; and DOES 1              )
19  through 30, inclusive,                )
                                          )
20                  Defendants.           )
                                          )
21                                        )
                                          )
22  ———————————————————— )

23  TO THE CLERK OF THE NORTHERN DISTRICT COURT OF CALIFORNIA

24  AND TO PLAINTIFFS AND THEIR COUNSEL:

25      PLEASE TAKE NOTICE that Defendant Pratt & Whitney Canada Corp.

26  ("P&WC") hereby removes this action from the Superior Court of California for

27  the County of San Francisco, to the United States District Court of the Northern

28  District of California, pursuant to 28 U.S.C. § 1332(a), § 1441(b) (Diversity of

---

Defendant Pratt & Whitney Canada Corp.'s Notice of Removal

1    Citizenship) and § 1446. This Court has jurisdiction over this action pursuant to 28
2    U.S.C. § 1332(a). The removal of this action is based on the following:

3    **FACTUAL BACKGROUND**

4        1.    Plaintiffs George Gund III, Individually, and as the personal
5    representative of the Estate of Greg Gund; Theo Gund, an individual (and divorced
6    from George Gund); George Gund IV, an individual; and GG Aircraft, LLC
7    (hereinafter "Plaintiffs") filed this lawsuit on July 13, 2007 in the Superior Court
8    of California for the County of San Francisco, being designated as Case No. CGC-
9    07-465133 (hereinafter "the State Court Action"). A copy of the Complaint in the
10   State Court Action is attached hereto as Exhibit "A".

11       2.    Plaintiffs allege numerous causes of action involving wrongful death,
12   survivorship, property damage and indemnity, for negligence, product liability and
13   breach of warranty arising out of an aircraft accident near Playa Flamingo, Costa
14   Rica, on July 16, 2005. *See* Compl. at ¶¶ 15, 25-35, 37-44, 46-49, 51-53, 55-57,
15   59-61.

16       3.    Plaintiffs allege that they have suffered injuries as described therein
17   including personal injuries and subsequent death, loss of support, loss of
18   companionship, property damage, incidental expenses and indemnity. *See* Compl.
19   at ¶¶ 33-34, 44, 49, 51-53, 55-57, 59-61.

20       4.    This Court has subject matter jurisdiction over this action and all
21   claims asserted against the defendants pursuant to 28 U.S.C. § 1332(a).

22       5.    Because this Court has subject matter jurisdiction over this action,
23   removal of this action to the Court is proper pursuant to 28 U.S.C. § 1441.

24       6.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a) and
25   1441(a), because the United States District Court for the Northern District of
26   California is the federal judicial district and division embracing the Superior Court
27   of California for the County of San Francisco, where the State Court Action was
28   originally filed.

---

Defendant Pratt & Whitney Canada Corp.'s Notice of Removal

7.     This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b), because it is filed within thirty days after P&WC's acknowledgment of service of summons and within one-year of the original filing of the Complaint. Although P&WC has not been formally served in this matter, P&WC agreed to acknowledge service of summons effective September 10, 2007.

8.     All remaining Defendants in this action have joined in this removal by virtue of the concurrently filed joinders to P&WC's Notice of Removal.

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon or by P&WC in the State Court Action are attached to this Notice. True and correct copies of the summons and complaint served on P&WC are attached hereto as Exhibit "A".   A true and correct copy of the Notice of Case Management Conference is attached hereto as Exhibit "B".   A true and correct copy of the Notice of Related Case is attached to this Notice as Exhibit "C".

9.     Pursuant to 28 U.S.C. § 1446(d), P&WC is filing this Notice of Removal with this Court, serving a copy of this Notice upon Plaintiffs' counsel and filing a copy in the Superior Court of California for the County of San Francisco.

## DIVERSITY JURISDICTION – COMPLETE DIVERSITY

10.     This Court has subject matter jurisdiction over this action and all claims asserted against the defendants pursuant to 28 U.S.C. § 1332(a).

11.     Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions where the action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs. *See* 28 U.S.C. § 1332(a).

12.     As set forth below, this action satisfies all requirements for federal jurisdiction under 28 U.S.C. § 1332(a).

**13.    Citizenship:**  The Defendants and Plaintiffs in this matter are citizens of different States and/or foreign states.  Upon information and belief, Plaintiffs George Gund III (as both individual and personal representative for his deceased

1  son, Greg Gund), Theo Gund and George Gund IV are citizens of the State of
2  California.  *See* Compl. at ¶ 17.  Decedent Greg Gund was a citizen of the foreign
3  state of Costa Rica and/or the State of California at the time of his death.  *See*
4  Compl. at ¶¶ 17-18.  The remaining parties are as follows:

- GG Aircraft, LLC is a Delaware Corporation with its principal place of business in California.  *See* Compl. at ¶ 21.
- Pratt & Whitney Canada is an unlimited liability company incorporated under the laws of Canada with its principal place of business in Longueuil, Québec, Canada.
- Pilatus Aircraft Ltd. is a Swiss business entity with its principal place of business in Stans, Switzerland.
- Pilatus Business Aircraft Ltd. is a Colorado corporation, with its principal place of business in Broomfield, Colorado.

14.  As seen above, no defendant is a citizen of California.

15.  Accordingly, the requirement of complete diversity is satisfied.  *See* 28 U.S.C. § 1332(a).

**16.  Amount in Controversy**:  It is facially apparent from the Complaint that Plaintiffs seek an amount in controversy in excess of $75,000.  This is evidenced by the claims and damages sought.  Plaintiffs seek damages for wrongful death, survivorship, property damage and indemnity.  Plaintiffs' prayer includes general consequential damages, damages for pain and suffering/emotional distress, funeral/burial expenses, loss of earnings and capacity, damages spent in recovering the wreckage and victims and the total loss of an expensive aircraft. Therefore, the amount in controversy clearly exceeds $75,000, exclusive of interest and costs based on the allegations themselves.  Accordingly, the amount in controversy requirement is satisfied.  *See* 28 U.S.C. § 1332(a).

///

///

1    17.    28 U.S.C. § 1332(a) confers federal subject matter jurisdiction over

2  this action.  Therefore, removal of this action to this Court is proper pursuant to 28

3  U.S.C. § 1441.

4    18.    Pursuant to the applicable provisions of 28 U.S.C. § 1441 and other

5  applicable statutes that P&WC has complied with, this cause of action is

6  removable to the United States District Court for the Northern District of

7  California.

8    WHEREFORE, for the reasons set forth above, P&WC requests that this

9  Court assume full jurisdiction over this action as provided by law.

10  DATED:  September 20, 2007          **MENDES & MOUNT, LLP**

11                                      By:_____

12                                      GARTH W. AUBERT
                                        EDUARDO MARTORELL
13                                      Attorneys for Defendant
                                        **PRATT & WHITNEY**
14                                      **CANADA CORP.**

15

16  M:\MMCases\390583\PLEADGS\Removal.doc

# EXHIBIT A

**George Gund II, et al. v. Pilatus Aircraft Ltd., et al.**
**USDC Case No.: C074902(MEJ)**

©**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PILATUS AIRCRAFT, LTD.; PILATUS BUSINESS AIRCRAFT, LTD.; PRATT &
WHITNEY CANADA CORP.; and DOES 1 through 30, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GEORGE GUND III, Individually, and as the ADMINISTRATOR OF THE
ESTATE OF GREG GUND III; THEO GUND, an individual (and divorced
from GEORGE GUND III; GEORGE GUND IV, an individual; and GG
AIRCRAFT, LLC

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

BY FAX

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT, COUNTY OF SAN FRANCISCO - Civic Center Courthouse<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):* CGC-07-465133 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ENGSTROM, LIPSCOMB & LACK                      310-552-3800
10100 Santa Monica Blvd., 16th Flr.
Los Angeles, CA 90067-4107

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* | JUL 13 2007 | **Gordon Park-Li** | Clerk, by ____ **Jun Panelo** ____ , Deputy<br>*(Secretario)*                                    *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* PRATT & WHITNEY CANADA CORP.

under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** ©EB | Code of Civil Procedure §§ 412.20, 465 |

6

COPY
ENDORSED
F I L E D
San Francisco County Superior Court

JUL 1 3 2007

GORDON PARK-LI, Clerk
BY: _____ JUN P. PANELO
Deputy Clerk

1 │ WALTER J. LACK, ESQ. (SBN 57550)
ELIZABETH L. CROOKE, Attorney at Law (SBN 90305)
2 │ ENGSTROM, LIPSCOMB & LACK
A Professional Corporation
3 │ 10100 Santa Monica Boulevard, 16th Floor
Los Angeles, California 90067-4107
4 │ PH: (310) 552-3800
FX: (310) 552-9434
5
6 │ Attorneys for Plaintiffs
7

**CASE MANAGEMENT CONFERENCE SET**

**DEC 1 4 2007 -9:00 AM**

**DEPARTMENT 212**

8 │ SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 │ FOR THE COUNTY OF SAN FRANCISCO
10 │ UNLIMITED JURISDICTION

**BY FAX**

11
12 │ GEORGE GUND III, Individually, and      )   CASE NO. CGC-07-465133
as the PERSONAL REPRESENTATIVE            )
13 │ OF THE ESTATE OF GREG GUND;            )   **COMPLAINT FOR SURVIVAL**
THEO GUND, an individual, (and            )   **DAMAGES, WRONGFUL DEATH,**
14 │ divorced from GEORGE GUND);            )   **PROPERTY DAMAGE AND**
GEORGE GUND IV, an individual; and        )   **INDEMNITY**
15 │ GG AIRCRAFT, LLC,                      )
)   **[DEMAND FOR JURY TRIAL]**
16 │              Plaintiffs,               )
)
17 │       vs.                             )
)
18 │ PILATUS AIRCRAFT, LTD.; PILATUS        )
BUSINESS AIRCRAFT, LTD.; PRATT            )
19 │ & WHITNEY CANADA CORP.; and           )
DOES 1 through 30, inclusive,             )
20                                         )
21 │              Defendants.              )
22 │ _____   )

23 │       Plaintiffs complain of defendants and allege for causes of action as follows:
24 │                           **GENERAL ALLEGATIONS**
25 │       1.    Plaintiffs do not know the true names and capacities of Defendants sued herein as
26 │ Does 1-30, inclusive, and therefore sue said Defendants by such fictitious names pursuant to
27 │ California *Code of Civil Procedure*, Section 474. Plaintiffs will amend this Complaint to state
28 │ the true names and capacities of the fictitiously-named Defendants when the same are

1

1    ascertained. Plaintiffs are informed and believe and based thereon allege that each of the

2    fictitiously-named Defendants is legally responsible in some manner for the events and damages

3    alleged in this Complaint under the causes of action stated herein.

4           2.    Plaintiffs are informed and believe and based thereon allege that at all times

5    mentioned herein, each of the Defendants was the agent, partner, joint venturer, associate and/or

6    employee of one or more of the other Defendants and was acting in the course and scope of such

7    agency, partnership, joint venture, association and/or employment when the acts giving rise to

8    the cause of action occurred.

9           3.    At all times mentioned, defendants Pilatus Business Aircraft, Ltd. and Does 1

10   through 5 were and are Colorado corporations, doing business in the State of California.

11          4.    At all times mentioned, defendants Pilatus Aircraft, Ltd and Does 6 through 10

12   were and are foreign corporations, doing business in California.

13          5.    At all times mentioned, Pilatus Aircraft, Ltd., by and through its agents, and Pilatus

14   Business Aircraft, Ltd., a wholly owned subsidiary incorporated in Colorado and Does 1 though

15   10 (collectively referred to hereafter as "PILATUS") were and are doing substantial business in

16   and had contacts with the State of California sufficient to justify this Court's exercise of

17   jurisdiction over these defendants.

18          6.    At all times mentioned, Defendants Pratt & Whitney Canada Corp.("PRATT") and

19   Does 11 through 15 are foreign corporations, doing business in California. At all times relevant,

20   PRATT and Does 11 through 15 were and are doing substantial business in and had contacts with

21   the State of California sufficient to justify this Court's exercise of jurisdiction over these

22   defendants.

23          7.    Plaintiffs are informed and believe and thereon allege that at all relevant times,

24   Defendants PILATUS and Does 1 - 10, inclusive, and each of them, were in the business of

25   designing, manufacturing, assembling, inspecting, testing, certifying, marketing, distributing and

26   selling general aviation aircraft in the United States. The United States Federal Aviation

27   Administration has issued Type Certificate No. 7A15 for Pilatus PC-6 model aircraft of varying

28   configurations.

2

8.    In particular, PILATUS and Does 1 - 10 designed, manufactured, assembled, inspected, tested, certified, marketed, distributed and sold a Pilatus PC-6 Turbo Porter aircraft, serial number 908, Federal Aviation Administration No. N908PL (the "Accident Aircraft").

9.    Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendants PRATT and Does 11 - 15, inclusive, and each of them, were in the business of designing, manufacturing, assembling, inspecting, testing, certifying, marketing, distributing and selling turbo-prop engines and their component parts, modules and control units, for installation in aircraft, including the Pilatus PC-6 Turbo Porter aircraft.

10.    In particular, the PRATT Defendants designed, manufactured, assembled, inspected, tested, certified, marketed, repaired, distributed and sold the PT6A-27 turbo-prop engine, serial no PC-E42736 (the "Accident Engine"), which was installed in Pilatus PC-6, serial number 908, Federal Aviation Administration NO. N908PL. The F.A.A. has issued Type Certificate No. E4EA for the PT6A series of powerplants, installed in aircraft in the United States.

11.    At all times herein mentioned, the Accident Engine, including its component parts, modules and control units, was in substantially the same condition that it was in when it left the manufacturer and the manufacturer's representatives. It had not been materially changed or altered from the time that it was manufactured, delivered and certified airworthy by defendants.

12.    Defendants PILATUS, PRATT and Does 1 through 15 wrote, issued and/or approved service manuals, instructions, letters, bulletins, notices and warnings, and in some cases failed to issue such instructions, letters, bulletins, notices and warnings, and established maintenance manuals, maintenance instructions, service bulletins, inspection schedules and service life schedules, as further alleged below.

13.    At all times herein mentioned, all Defendants, and each of them, were in the business of designing, manufacturing, testing, maintaining, repairing, modifying, assembling, servicing, inspecting, warrantying, advertising, marketing, distributing and selling aircraft and turbo-prop engines and component parts, modules and control units, including the Accident

3

Aircraft and Accident Engine, for the carriage and transportation by air of crew and passengers.

14.    Defendants knew, or in the exercise of reasonable care should have known, that their aircraft and turbine engines, and component parts, modules and control units would be used in the same manner for which they were designed and manufactured, for the carriage and transportation by air of crew and passengers, and would be used according to the manuals and instructions published by defendants.

15.    On or about July 16, 2005, while being used for the purpose for which it was designed, the Accident Engine and Accident Aircraft failed catastrophically in flight near Playa Flamingo, Costa Rica, causing the Accident Aircraft to crash, and resulting in injuries and then deaths of all of the occupants.

16.    Plaintiffs are further informed and believe and allege that the failure was the result of the defective design, manufacture, testing, inspection and assembly of the Accident Aircraft and the Accident Engine.

17.    Plaintiff GEORGE GUND III brings this action for wrongful death, individually, as Successor in Interest, and as Personal Representative of the Estate of Greg Gund, deceased. Plaintiff GEORGE GUND III is the surviving father of Greg Gund. Plaintiff THEO GUND is the surviving mother of Greg Gund, deceased. Plaintiffs GEORGE GUND III and THEO GUND are residents of California. GEORGE GUND IV is the surviving brother of Greg Gund, deceased. Greg Gund had neither spouse nor children surviving him.

18.    On or about July 16, 2005, Greg Gund was the pilot aboard the Accident Aircraft as it was being flown at or near Playa Flamingo, Costa Rica, when it crashed causing serious, painful and ultimately fatal injuries to Greg Gund, and causing the plaintiffs to sustain damages within the State of California.

19.    As a result of the foregoing, Greg Gund suffered pre-impact horror, fear and terror, pain and suffering, physical injury, pre-death fear and terror, and was otherwise injured in a personal and pecuniary manner.

20.    Also killed in the crash were the other occupants of the Accident Aircraft.

4

21. On or about July 16, 2005, the Accident Aircraft was owned by Plaintiff GG Aircraft, LLC, a Delaware Corporation with its principal place of business in San Francisco, California. As a result of the crash, the Accident Aircraft was a total loss.

22. A probate proceeding was commenced in the Superior Court of California for the County of Santa Cruz. Plaintiff George Gund III was appointed as the Special Administrator of the Estate of Greg Gund.

23. As a result of the foregoing and the matters herein alleged, plaintiffs have sustained economic and non-economic damages, funeral and burial expenses, property damage and all other damages available by law.

### FIRST CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANTS PILATUS, PRATT AND DOES 1-15 (NEGLIGENCE ALLEGATIONS)

24. Plaintiffs reallege and incorporate by reference each and every allegation and statement contained in paragraphs 1 through 23 above as if fully set forth.

25. At all times herein relevant, it was the duty of defendants PILATUS, PRATT and DOES 1 through 15, including their officers, agents and employees, to exercise ordinary care in the design, testing, manufacture, assembly, inspection, certification, sale, distribution, maintenance, repair, servicing, developing and issuing instructions, and warnings, including service intervals, inspection intervals and life limits regarding the Accident Aircraft and its components, including the Accident Engine, so as not to cause injury to or the death to those who used the products.

26. Notwithstanding these duties, defendants PILATUS, PRATT and DOES 1 through 15 breached their duties in the design, testing, manufacture, assembly, certification, inspection, sale, lease, distribution, maintenance, repair, servicing, developing and issuing instructions and warnings, including service intervals, inspection intervals and life limits regarding the Accident Aircraft and its components, including the Accident Engine.

5

1    27.    Plaintiffs are informed, believe and allege that defendants PILATUS, PRATT

2  and DOES 1 through 15 negligently designed and/or manufactured and/or distributed the

3  Accident Aircraft and its components, including the Accident Engine, by utilizing a design and

4  materials prone to premature failure of certain components during normal and foreseeable

5  operations.  That failure mode would not have been detected in the ordinary course of pre-

6  flight inspection or otherwise.

7    28.    Defendants PILATUS, PRATT and DOES 1 through 15, as the designers and/or

8  manufacturers and/or distributors of the Accident Aircraft and Accident Engine, had a duty to

9  provide adequate warnings, instructions, training materials and maintenance and inspection

10  procedures and intervals  for the Accident Aircraft and the Accident Engine to ensure safe

11  operation of the Accident Aircraft in normal flight, and they failed in that duty.

12    29.    Plaintiffs are informed, believe and allege that defendants were required to

13  provide certain warnings, instructions, training materials and maintenance and inspection

14  intervals and procedures to operators of the Accident Aircraft and Accident Engine to enable

15  them to determine the airworthiness and proper operation of the Accident Aircraft and

16  Accident Engine.  Defendants failed to warn, instruct, train and/or issue adequate maintenance

17  and inspection procedures and other instructions regarding such dangers and/or issued

18  inadequate warnings, instructions, training materials and maintenance and inspection

19  procedures and intervals.

20    30.    On or about July 16, 2005, as a direct and proximate result of one or more

21  negligent acts or omissions of defendants PILATUS, PRATT and DOES 1 through 15, the

22  Accident Aircraft suffered a catastrophic failure in flight that resulted in its crash.

23    31.    Greg Gund was aware that he had been placed in imminent and hopeless peril

24  and he apprehended the grave and dire circumstances in which he had been thrust.  As a result,

25  survival damages are warranted on behalf of the plaintiffs.

26    32.    On or about July 16, 2005, as a direct result of the aforesaid conduct of the

27  defendants PILATUS, PRATT and DOES 1 through 15, and each of them, decedent Greg

28  Gund suffered fatal injuries, and as a result, plaintiffs were injured and damaged as herein

6

1 | alleged and according to proof at trial.

2 |     33.   As a direct result of the conduct of the Defendants, and each of them, plaintiffs

3 | have been deprived of the support that Greg Gund would have contributed to his family and

4 | estate during his lifetime, and the gifts and benefits that he would have bestowed upon them

5 | and that they reasonably expected to receive from him.

6 |     34.   As a further direct result of the conduct of Defendants, and each of them,

7 | plaintiffs have been deprived of the love, care, companionship, comfort, assistance, protection,

8 | affection, society, moral support and guidance of Greg Gund.

9 |     35.   Plaintiffs have therefor been damaged in amounts to be proven at time of trial.

10 |

11 | **SECOND CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANTS PILATUS, PRATT AND DOES 1-15**

12 | **(STRICT LIABILITY ALLEGATIONS)**

13 |     36.   Plaintiffs reallege and incorporate by reference each and every allegation and

14 | statement contained in paragraphs 1 through 23 and 25 through 34 above as if fully set forth.

15 |     37.   Plaintiffs are informed, believe and allege that defendants PILATUS, PRATT

16 | and DOES 1 through 15, and each of them, designed, manufactured, fabricated, converted,

17 | maintained, repaired, modified, designed, assembled, distributed, certified, sold, inspected,

18 | serviced, repaired, marketed, warranted, and advertised the Accident Aircraft and the Accident

19 | Engine, and each and every component part thereof.

20 |     38.   Defendants were required to design the Accident Aircraft and the Accident

21 | Engine, including all service, maintenance and operations manuals so that they were free from

22 | design and manufacturing defects, and were required to design and manufacture an engine and

23 | airframe that would not fail in flight.

24 |     39.   Defendants were required to provide certain warnings, instructions, training

25 | materials and maintenance and inspection intervals and procedures to operators of the

26 | Accident Aircraft and Accident Engine to enable them to determine the airworthiness and

27 | proper operation of the Accident Aircraft and Accident Engine. Defendants failed to warn,

28 | instruct, train and/or issue adequate maintenance and inspection procedures and other

1  instructions regarding such dangers and/or issued inadequate warnings, instructions, training
2  materials and maintenance and inspection procedures and intervals.

3      40.    The Accident Aircraft and Accident Engine were capable of causing, and in fact
4  did cause, catastrophic personal injury and death to users and consumers while being used in a
5  manner reasonably foreseeable, thereby rendering the Accident Aircraft and Accident Engine
6  unsafe and dangerous for use by any consumer or user.

7      41.    On or about July 16, 2005, the Accident Aircraft and Accident Engine were
8  being used for the purposes and in the manner for which they were designed and
9  manufactured, and in a manner that was reasonably foreseeable to defendants,   They were in
10 the same condition without significant change from the original condition when sold and
11 delivered by defendants.

12     42.    The Accident Aircraft and Accident Engine were defective, not fit for their
13 intended purposes and unreasonably dangerous by reason of defective design, manufacture,
14 testing, certification, maintenance, repair, modification, assembly, service, inspection,
15 warning, instruction and sale on the part of defendants.

16     43.    As a direct result of defects in Defendants' design, manufacture, testing,
17 certification, maintenance, repair, modification, assembly, service, inspection, warning,
18 instruction and sale, the Accident Aircraft and the Accident Engine, and each and every
19 component part thereof,  contained defects, as aforesaid, resulting in the crash of the Accident
20 Aircraft.

21     44.    As a direct result of the defects in the Accident Aircraft and Accident Engine and
22 the conduct of defendants PILATUS, PRATT and DOES 1 through 15, and each of them,
23 decedent Greg Gund was killed, and as a result, plaintiffs were injured and damaged as herein
24 alleged and according to proof at trial.

25

26

27

28

8

## THIRD CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANTS PILATUS, PRATT AND DOES 1-15 (BREACH OF WARRANTY ALLEGATIONS)

45.     Plaintiffs reallege and incorporate by reference each and every allegation and statement contained in paragraphs 1 through 23, 15 through 35 and 37 through 34  above as if fully set forth.

46.     At the time the Accident Aircraft was certified, sold, serviced and delivered, through and including July 16, 2005, defendants PILATUS, PRATT and DOES 1 through 15 expressly and/or impliedly warranted and represented that the Accident Aircraft and Accident Engine, including their instructions and warnings, were airworthy, of merchantable quality, fit and safe for the purposes for which they were designed, and free from defects.   Defendants further warranted that the instructions, warnings and maintenance and inspection procedures and intervals regarding the Accident Aircraft and Accident Engine were adequate.

47.     Plaintiffs are informed, believe and allege that at the time the Accident Aircraft and Accident Engine were sold, certified and delivered, through the date of the accident, the defendants breached their warranties in that the Accident Aircraft and Accident Engine were defective, not airworthy, not of merchantable quality, not fit and safe for the purpose for which they were designed, manufactured, assembled, inspected, tested, sold, certified, serviced, repaired, maintained, and intended to be used.  Defendants further breached said warranties in that the instructions, warnings and maintenance and inspection procedures and intervals  were not adequate.

48.     Plaintiffs are informed, believe and allege that on the day of the accident, decedent Greg Gund was an intended beneficiary of the warranties extended by the defendants.

49.     On or about July 16, 2005, as a direct and proximate result of the foregoing breach of warranties, the Accident Aircraft failed in flight and crashed, killing Greg Gund, and as a result, plaintiffs were injured and damaged as herein alleged and according to proof at trial.

9

**FOURTH CAUSE OF ACTION FOR PROPERTY**
**DAMAGES AND INDEMNITY AGAINST DEFENDANTS PILATUS,**
**PRATT AND DOES 1-15**
**(NEGLIGENCE)**

50.    Plaintiffs reallege and incorporate by reference each and every allegation and statement contained in paragraphs 1 through 23 and 25 through 30 above as if fully set forth.

51.    As a result of the negligence of Defendants, the Accident Aircraft was a total loss to Plaintiffs GG Aviation LLC, and plaintiff has been damaged according to proof at trial.

52.    As a result of defendants' negligence which led to the crash, plaintiffs have incurred expenses for the recovery of the wreckage of the Accident Aircraft and the victims of the crash, and for the investigation of the accident, in amounts to be proven at trial.

53.    As a further result of defendants' negligence which led to the crash, plaintiffs have or will incur expenses to settle the claims of other victims of the accident, which claims should be paid by defendants, who are at fault.  Plaintiffs seek indemnity for those payments and for their costs and legal expenses so incurred, in amounts to be proven at time of trial.

**FIFTH CAUSE OF ACTION FOR PROPERTY**
**DAMAGES AND INDEMNITY AGAINST DEFENDANTS PILATUS,**
**PRATT AND DOES 1-15**
**(STRICT LIABILITY)**

54.    Plaintiffs reallege and incorporate by reference each and every allegation and statement contained in paragraphs 1 through 23, 25 through 30, 37 through 44 and 51 through 53 above as if fully set forth.

55.    As a result of the defects in the Accident Aircraft and the Accident Engine, the Accident Aircraft was a total loss to Plaintiffs GG Aviation LLC, and plaintiff has been damaged according to proof at trial.

56.    As a result of the defects which led to the crash, plaintiffs have incurred expenses for the recovery of the wreckage of the Accident Aircraft and the victims of the crash, and for the investigation of the accident, in amounts to be proven at trial.

57.    As a further result of the defects which led to the crash, plaintiffs have or will incur expenses to settle the claims of other victims of the accident, which claims should be

10

1   paid by defendants, who are responsible.  Plaintiffs seek indemnity for those payments and for

2   their costs and legal expenses so incurred, in amounts to be proven at time of trial.

3

4                    **SIXTH CAUSE OF ACTION FOR PROPERTY**
                **DAMAGES AND INDEMNITY AGAINST DEFENDANTS PILATUS,**
                             **PRATT AND DOES 1-15**
5                          **(BREACH OF WARRANTY)**

6        58.    Plaintiffs reallege and incorporate by reference each and every allegation and

7   statement contained in paragraphs 1 through 23, 25 through 30, 37 through 44, 46 through 48

8   and 51 through 53 above as if fully set forth.

9        59.    As a result of defendants' breaches of warranty, the Accident Aircraft was a total

10  loss to Plaintiffs GG Aviation LLC, and plaintiff has been damaged according to proof at trial.

11       60.    As a result of defendants' breaches of warranty which led to the crash, plaintiffs

12  have incurred expenses for the recovery of the wreckage of the Accident Aircraft and the

13  victims of the crash, and for the investigation of the accident, in amounts to be proven at trial.

14       61.    As a further result of defendants' breaches of warranty which led to the crash,

15  plaintiffs have or will incur expenses to settle the claims of other victims of the accident,

16  which claims should be paid by defendants, who are responsible.  Plaintiffs seek indemnity for

17  those payments and for their costs and legal expenses so incurred, in amounts to be proven at

18  time of trial.

19                          **DEMAND FOR JURY TRIAL**

20       Plaintiffs hereby demand a trial by jury on all triable issues.

21                             **PRAYER FOR RELIEF**

22       WHEREFORE, plaintiffs expressly reserve the right to amend the Complaint up to and

23  including the time of trial to include all theories of recovery and items of damages not yet

24  ascertained, and demand judgments against Defendants as follows:

25       1.     For general damages as set forth herein in a sum in excess of the jurisdiction of

26              this Court and according to proof;

27

28

                                    11

2.   For special damages as set forth herein and according to proof;

3.   For damages for pain and suffering, mental anguish, psychological and emotional distress, and disfigurement and for pre-impact fear of death, in excess of the jurisdictional limits of this court, according to proof at the time of trial;

4.   For funeral and burial expenses according to proof;

5.   For loss of earnings and loss of earning capacity in an amount according to proof;

6.   For damages for the loss of the Accident Aircraft, according to proof;

7.   For costs incurred in recovery of the wreckage and of the victims of the crash, according to proof;

8.   For indemnify for any sums paid or that may be paid to the families of the victims of the crash, and legal fees so incurred;

9.   For prejudgment interest according to proof, to the extent authorized by law;

10.  For costs of suit incurred herein; and,

11.  For such other and further relief as the Court deems just and proper.

DATED:   July 17, 2007

ENGSTROM, LIPSCOMB & LACK

By: _____
WALTER J. LACK
ELIZABETH L. CROOKE
Attorneys for Plaintiffs

12

18

# <u>EXHIBIT B</u>

**George Gund II, et al. v. Pilatus Aircraft Ltd., et al.
USDC Case No.: C074902(MEJ)**

1  WALTER J. LACK, ESQ. (SBN 57550)
   ELIZABETH L. CROOKE, Attorney at Law (SBN 90305)
2  ENGSTROM, LIPSCOMB & LACK
   A Professional Corporation
3  10100 Santa Monica Boulevard, 16th Floor
   Los Angeles, California 90067-4107
4  PH:  (310) 552-3800
   FX:  (310) 552-9434
5

6  Attorneys for Plaintiffs

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SAN FRANCISCO

10                    UNLIMITED JURISDICTION

11  GEORGE GUND III, Individually, and         )   **CASE NO. CGC 07 465133**
    as the ADMINISTRATOR OF THE                )   [Assigned to Hon. Arlene T. Borick]
12  ESTATE OF  GREG GUND; THEO                  )
    GUND, an individual, (and divorced          )   **NOTICE OF CASE MANAGEMENT**
13  from GEORGE GUND III);  GEORGE              )   **CONFERENCE**
    GUND IV, an individual; and GG              )
14  AIRCRAFT, LLC,                              )   **Date   :   December 14, 2007**
                                                )   **Time  :   9:00 a.m.**
15                      Plaintiffs,             )   **Dept.  :   212**
                                                )
16             vs.                              )
                                                )
17  PILATUS AIRCRAFT, LTD.; PILATUS            )
    BUSINESS AIRCRAFT, LTD.; PRATT             )
18  & WHITNEY CANADA CORP.; and                )
    DOES 1 through 30, inclusive,               )
19                                              )
                                                )
20                      Defendants.             )
                                                )
21  ─────────────────────────────────

22  TO ALL INTERESTED PARTIES:

23         PLEASE TAKE NOTICE that the Court set this matter for a Case Management

24  Conference on December 14, 2007, at 9:00 a.m., in Department 212 of the Superior Court

25  located at 400 McAllister Street, San Francisco, CA 94102-3680.  All parties must appear and

26  comply with Local Rule 3.  CRC 3.75 requires the filing and service of a case management

27  statement form CM-110 no later than 15 days before the case management conference.

28

                                    1
          NOTICE OF CASE MANAGEMENT CONFERENCE

1    A copy of the Court's "Notice to Plaintiff" scheduling the Case Management

2  Conference is attached to this Notice.

3

4  DATED: September 5, 2007                    ENGSTROM, LIPSCOMB & LACK

5

6                                             By: _____

7                                                 WALTER J. LACK
                                                  ELIZABETH L. CROOKE
8                                                 Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF CASE MANAGEMENT CONFERENCE**

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **DEC-14-2007** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

21

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             ) SS
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, 16th Floor, Los Angeles, California 90067.

On September **5**, 2007, described as:

**NOTICE OF CASE MANAGEMENT CONFERENCE**

by placing a true copy thereof enclosed in a sealed envelope addressed as follows: by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Stuart R. Fraenkel
Kreindler & Kreindler
707 Wilshire Blvd., Suite 5070
Los Angeles, CA 90017
Telephone: (213) 622-6469
Fax: (213) 622-6019
**Counsel for Plaintiffs in Related Case:**
**Lori Rezabek-Kells, et al. v. Pilatus Aircraft, Ltd., et al.**
**Case No. CGC-07-465132**

_____**X**____ (BY MAIL) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same date in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee(s).

_____ (BY ELECTRONIC TRANSFER) I caused all of the pages of the above-entitled documents to be sent to the recipients noted above via electronic transfer (FAX) at the respective telephone numbers indicated above at _____. This document was transmitted by facsimile and transmission reported without error.

_____ (BY FEDERAL EXPRESS) I caused such envelope to be delivered to Federal Express for overnight courier service to the offices of the addressee(s).

_____**X**____ STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September **5**, 2007 at Los Angeles, California.

_Linda Stark_
Linda Stark

3

# EXHIBIT C

**George Gund II, et al. v. Pilatus Aircraft Ltd., et al.**
**USDC Case No.: C074902(MEJ)**

CM-015

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
ELIZABETH L. CROOKE (SBN 90305)
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd., 16th Flr.
Los Angeles, CA 90067-4107

TELEPHONE NO.: 310-552-3800    FAX NO. *(Optional):* 310-552-9434
E-MAIL ADDRESS *(Optional):* bcrooke@elllaw.com
ATTORNEY FOR *(Name):* George Gund, III, etc. et al.

FOR COURT USE ONLY

ENDORSED
FILED
SAN FRANCISCO COUNTY SUPERIOR COURT

2007 JUL 17 AM 10: 59

GORDON PARK-LI. CLERK

BY: _____
DEPUTY CLERK

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: CIVIC CENTER COURTHOUSE

PLAINTIFF/PETITIONER: GEORGE GUND III, ETC., ET AL.

DEFENDANT/RESPONDENT: PILATUS AIRCRAFT, LTD.

| | |
|---|---|
| CASE NUMBER: | CGC 07 465133 |

| | |
|---|---|
| JUDICIAL OFFICER: | Arlene T. Borick |

**NOTICE OF RELATED CASE**

| | |
|---|---|
| DEPT.: | 212 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: LORI REZABEK-KELLS, etc., et al. v. PILATUS AIRCRAFT, LTD., et al.
   b. Case number: CGC-07-465132
   c. Court: [X] same as above
            [ ] other state or federal court *(name and address):*
   d. Department: 212
   e. Case type: [ ] limited civil [X] unlimited civil [ ] probate [ ] family law [X] other *(specify):* Wrongful Death and Survival Damages
   f. Filing date: July 13, 2007
   g. Has this case been designated or determined as "complex?" [ ] Yes [X] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [X] involves the same parties and is based on the same or similar claims.
      [ ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
            [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
      [X] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: [ ] same as above
            [ ] other state or federal court *(name and address):*
   d. Department:

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Page 1 of 3
Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

23

CM-015

| PLAINTIFF/PETITIONER:  GEORGE GUND, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  PILATUS AIRCRAFT, LTD., ET AL. | CGC 07 465133 |

2.  *(continued)*

    e.  Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify):*

    f.  Filing date:

    g.  Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

       ☐  involves the same parties and is based on the same or similar claims.

       ☐  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

       ☐  involves claims against, title to, possession of, or damages to the same property.

       ☐  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

          ☐  Additional explanation is attached in attachment 2h

    i.  Status of case:

       ☐  pending

       ☐  dismissed  ☐ with  ☐ without prejudice

       ☐  disposed of by judgment

3.  a.  Title:

    b.  Case number:

    c.  Court: ☐ same as above

       ☐ other state or federal court *(name and address):*

    d.  Department:

    e.  Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify):*

    f.  Filing date:

    g.  Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

       ☐  involves the same parties and is based on the same or similar claims.

       ☐  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

       ☐  involves claims against, title to, possession of, or damages to the same property.

       ☐  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

          ☐  Additional explanation is attached in attachment 3h

    i.  Status of case:

       ☐  pending

       ☐  dismissed  ☐ with  ☐ without prejudice

       ☐  disposed of by judgment

4.  ☐  Additional related cases are described in Attachment 4. Number of pages attached: _____

Date:  JULY 16, 2007

ELIZABETH L. CROOKE
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶  _____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]    **NOTICE OF RELATED CASE**    Page 2 of 3

24

CM-015

| PLAINTIFF/PETITIONER: GEORGE GUND, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PILATUS AIRCRAFT, LTD., ET AL. | CGC 07 465133 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   10100 Santa Monica Boulevard, 16th Floor, Los Angeles, CA 90067-4107

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):* July 16, 2007

   b. from *(city and state):* Los Angeles, CA

4. The envelope was addressed and mailed as follows:

   a. Name of person served: STUART R. FRAENKEL   c. Name of person served:
      KREINDLER & KREINDLER
      Street address: 707 Wilshire Blvd., Suite 5070   Street address:
      City: Los Angeles   City:
      State and zip code: CA 90017   State and zip code:

   b. Name of person served:   d. Name of person served:

      Street address:   Street address:
      City:   City:
      State and zip code:   State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 16, 2007

LINDA STARK                                      *[signature]*
_____                          _____
(TYPE OR PRINT NAME OF DECLARANT)                 (SIGNATURE OF DECLARANT)

25

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA        )           **Gund v. Pilatus Aircraft, Ltd.**
                           ) ss.    **SFSC Case No. CGC 07-465133**
3

COUNTY OF LOS ANGELES      )           **Our File No. 390,583**

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18
and not a party to the within action; my business address is 445 S. Figueroa Street, Suite 3800, Los
5

Angeles, California 90071.

6

On **September 20, 2007**, I served the document described as **Defendant Pratt & Whitney
Canada Corp. Notice of Removal of Action Under 28 USC 1332(a)(2) and 1441(b)** on the
7

interested parties in this action, as follows:

8

### SEE ATTACHED SERVICE LIST

9

__X__   **(By U.S. Mail)** By placing _____ the original / __X__ a true copy thereof enclosed in a
10

sealed envelope, with postage fully paid, addressed as per the attached service list, for
collection and mailing at Mendes & Mount in Los Angeles, California following ordinary
11

business practices. I am readily familiar with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be deposited with U.S.
12

postal service on that same day with postage thereon fully prepaid at Los Angeles,
California in the ordinary course of business. I am aware that on motion of the party
13

served, service is presumed invalid if postal cancellation date or postage meter date is more
than one day after the date of deposit for mailing in affidavit.
14

15

_____   **(By Facsimile)** I transmitted from a facsimile transmission machine whose telephone
number is (213) 955-7725 the above-entitled document to the parties listed on the attached
16

Service List and whose facsimile transmission machine telephone number is indicated. The
above-described transmission was reported as complete without error by a transmission
17

report issued by the facsimile transmission machine upon which the said transmission was
made immediately following the transmission. A true and correct copy of the said
18

transmission report is attached hereto and incorporated herein by this reference.

19

_____   **(By Personal Service)** By personally delivering the above-entitled document to the offices
of the addressee(s) set forth on the attached service list.
20

21

_____   **(By FedEx)** I placed the above-entitled document in a FedEx (Overnight) envelope/pouch
as addressed and indicated on the attached service list, with delivery fees paid or provided
22

for and deposited in a facility regularly maintained by the express service carrier or
delivered to a courier or driver authorized to receive documents on its behalf.

23

__X__   **(STATE)** I declare under penalty of perjury under the laws of the State of California that
the above is true and correct.
24

25

Executed on **September 20, 2007,** at Los Angeles, California.

26

27

_Espie Lucero_
Espie Lucero

28

102611.1 _POS(Gund)  09/20/2007 04:56 PM

26

1

## SERVICE LIST

2

**VIA U.S. Mail**                    **Via U.S. Mail**                    **Via U.S. Mail**
Attorneys for Plaintiff              Bruce J. Berman                      Gregory C. Read

3    Walter J. Lack                       Jeffrey A. Rossman                   Mary J. Liddy
Elizabeth L. Crooke                  McDermott Will & Emery LLP           Sedgwick Detert Moran & Arnold,

4    Engstrom, Lipscomb & Lack            201 S. Biscayne Blvd., Ste. 2200     LLP
10100 Santa Monica Blvd., 16th Floor Miami, FL 33131                      One Market Plaza

5    Los Angeles, CA 90067-4107           305-347-6530                         Steuart Tower, 8th Floor
310-552-3800 / 310-552-9434 (fx)     305-347-6500 (Fx)                    San Francisco, CA 94105

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

102611.1 _POS(Gund)  09/20/2007 04:56 PM

27