WALTER J. LACK, ESQ. (SBN 57550)
ELIZABETH L. CROOKE, Attorney at Law (SBN 90305)
ENGSTROM, LIPSCOMB & LACK
A Professional Corporation
10100 Santa Monica Boulevard, 16th Floor
Los Angeles, California 90067-4107
PH: (310) 552-3800
FX: (310) 552-9434

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GUND III, Individually, and as the ADMINISTRATOR OF THE ESTATE OF GREG GUND; THEO GUND, an individual, (and divorced from GEORGE GUND III); GEORGE GUND IV, an individual; and GG AIRCRAFT, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>PILATUS AIRCRAFT, LTD.; PILATUS BUSINESS AIRCRAFT, LTD.; PRATT & WHITNEY CANADA CORP.; and DOES 1 through 30, inclusive,<br><br>Defendants. | **CASE NO. C 07 4902 (MEJ)**<br><br>[Assigned to the Hon. Maria-Elena James]<br><br>[Removed from Superior Court of California for the County of San Francisco, Case No. CGC-07-465133]<br><br>NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS |

TO JEFFREY A. ROSSMAN, ESQ., MCDERMOTT WILL & EMERY, ATTORNEYS OF RECORD ON BEHALF OF DEFENDANT, PILATUS AIRCRAFT, LTD.

    A lawsuit has been commenced against PILATUS AIRCRAFT, LTD. A copy of the Complaint is attached to this notice. It has been filed in the United States Court for the Northern District of California and has been assigned Docket No. C074902

1

MEJ.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the Complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of Plaintiffs, this 5th day of October, 2007.

ENGSTROM, LIPSCOMB & LACK

By:_____
WALTER J. LACK
ELIZABETH L. CROOKE
Attorneys for Plaintiffs

NOTICE OF LAWSUIT AND WAIVER OF SUMMONS                CASE NO. C 07 4902 MEJ

```
WALTER J. LACK, ESQ. (SBN 57550)
ELIZABETH L. CROOKE, Attorney at Law (SBN 90305)
ENGSTROM, LIPSCOMB & LACK
A Professional Corporation
10100 Santa Monica Boulevard, 16th Floor
Los Angeles, California 90067-4107
PH: (310) 552-3800
FX: (310) 552-9434
```

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GUND III, Individually, and as the ADMINISTRATOR OF THE ESTATE OF GREG GUND; THEO GUND, an individual, (and divorced from GEORGE GUND III); GEORGE GUND IV, an individual; and GG AIRCRAFT, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>PILATUS AIRCRAFT, LTD.; PILATUS BUSINESS AIRCRAFT, LTD.; PRATT & WHITNEY CANADA CORP.; and DOES 1 through 30, inclusive,<br><br>Defendants. | **CASE NO. C 07 4902 (MEJ)**<br><br>[Assigned to the Hon. Maria-Elena James]<br><br>[Removed from Superior Court of California for the County of San Francisco, Case No. CGC-07-465133]<br><br>WAIVER OF SERVICE OF SUMMONS BY DEFENDANT, PILATUS AIRCRAFT, LTD. |

I, JEFFREY A. ROSSMAN, ESQ. OF McDERMOTT WILL & EMERY, attorneys of record for defendant, PILATUS AIRCRAFT, LTD., acknowledge receipt of your request that I waive service of summons in the action of GUND, ET AL. V. PILATUS AIRCRAFT, LTD., ET AL., which is case number C 07 4902 (MEJ) in the United States District Court for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to

1

me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after October 5, 2007, or within 90 days after that date if the request was sent outside the United States.

Dated:_____

_____
(Signature)

McDERMOTT WILL & EMERY
Attorneys for Defendant
PILATUS AIRCRAFT, LTD.

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waiver service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or ever its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service is received.

2

WAIVER OF SUMMONS                                                    CASE NO. C 07 4902 MEJ

COPY
ENDORSED
FILED
San Francisco County Superior Court

JUL 1 3 2007

GORDON PARK-LI, Clerk
BY: _____ JUN P. PANELO
                      Deputy Clerk

1 | WALTER J. LACK, ESQ. (SBN 57550)
  | ELIZABETH L. CROOKE, Attorney at Law (SBN 90305)
2 | ENGSTROM, LIPSCOMB & LACK
  | A Professional Corporation
3 | 10100 Santa Monica Boulevard, 16th Floor
  | Los Angeles, California 90067-4107
4 | PH: (310) 552-3800
  | FX: (310) 552-9434
5 |
6 | Attorneys for Plaintiffs

CASE MANAGEMENT CONFERENCE SET

DEC 1 4 2007 - 9:00 AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

BY FAX

GEORGE GUND III, Individually, and as the PERSONAL REPRESENTATIVE OF THE ESTATE OF GREG GUND; THEO GUND, an individual, (and divorced from GEORGE GUND); GEORGE GUND IV, an individual; and GG AIRCRAFT, LLC,

    Plaintiffs,

vs.

PILATUS AIRCRAFT, LTD.; PILATUS BUSINESS AIRCRAFT, LTD.; PRATT & WHITNEY CANADA CORP.; and DOES 1 through 30, inclusive,

    Defendants.

CASE NO. CGC-07-465133

COMPLAINT FOR SURVIVAL DAMAGES, WRONGFUL DEATH, PROPERTY DAMAGE AND INDEMNITY

[DEMAND FOR JURY TRIAL]

Plaintiffs complain of defendants and allege for causes of action as follows:

## GENERAL ALLEGATIONS

1.    Plaintiffs do not know the true names and capacities of Defendants sued herein as Does 1-30, inclusive, and therefore sue said Defendants by such fictitious names pursuant to California *Code of Civil Procedure*, Section 474. Plaintiffs will amend this Complaint to state the true names and capacities of the fictitiously-named Defendants when the same are

1

@PFDesktop\::ODMA/PCDOCS/ELLHMDM/290698/1    **COMPLAINT FOR DAMAGES**

ascertained. Plaintiffs are informed and believe and based thereon allege that each of the fictitiously-named Defendants is legally responsible in some manner for the events and damages alleged in this Complaint under the causes of action stated herein.

2. Plaintiffs are informed and believe and based thereon allege that at all times mentioned herein, each of the Defendants was the agent, partner, joint venturer, associate and/or employee of one or more of the other Defendants and was acting in the course and scope of such agency, partnership, joint venture, association and/or employment when the acts giving rise to the cause of action occurred.

3. At all times mentioned, defendants Pilatus Business Aircraft, Ltd. and Does 1 through 5 were and are Colorado corporations, doing business in the State of California.

4. At all times mentioned, defendants Pilatus Aircraft, Ltd and Does 6 through 10 were and are foreign corporations, doing business in California.

5. At all times mentioned, Pilatus Aircraft, Ltd., by and through its agents, and Pilatus Business Aircraft, Ltd., a wholly owned subsidiary incorporated in Colorado and Does 1 though 10 (collectively referred to hereafter as "PILATUS") were and are doing substantial business in and had contacts with the State of California sufficient to justify this Court's exercise of jurisdiction over these defendants.

6. At all times mentioned, Defendants Pratt & Whitney Canada Corp.("PRATT") and Does 11 through 15 are foreign corporations, doing business in California. At all times relevant, PRATT and Does 11 through 15 were and are doing substantial business in and had contacts with the State of California sufficient to justify this Court's exercise of jurisdiction over these defendants.

7. Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendants PILATUS and Does 1 - 10, inclusive, and each of them, were in the business of designing, manufacturing, assembling, inspecting, testing, certifying, marketing, distributing and selling general aviation aircraft in the United States. The United States Federal Aviation Administration has issued Type Certificate No. 7A15 for Pilatus PC-6 model aircraft of varying configurations.

2

8. In particular, PILATUS and Does 1 - 10 designed, manufactured, assembled, inspected, tested, certified, marketed, distributed and sold a Pilatus PC-6 Turbo Porter aircraft, serial number 908, Federal Aviation Administration No. N908PL (the "Accident Aircraft").

9. Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendants PRATT and Does 11 - 15, inclusive, and each of them, were in the business of designing, manufacturing, assembling, inspecting, testing, certifying, marketing, distributing and selling turbo-prop engines and their component parts, modules and control units, for installation in aircraft, including the Pilatus PC-6 Turbo Porter aircraft.

10. In particular, the PRATT Defendants designed, manufactured, assembled, inspected, tested, certified, marketed, repaired, distributed and sold the PT6A-27 turbo-prop engine, serial no PC-E42736 (the "Accident Engine"), which was installed in Pilatus PC-6, serial number 908, Federal Aviation Administration NO. N908PL. The F.A.A. has issued Type Certificate No. E4EA for the PT6A series of powerplants, installed in aircraft in the United States.

11. At all times herein mentioned, the Accident Engine, including its component parts, modules and control units, was in substantially the same condition that it was in when it left the manufacturer and the manufacturer's representatives. It had not been materially changed or altered from the time that it was manufactured, delivered and certified airworthy by defendants.

12. Defendants PILATUS, PRATT and Does 1 through 15 wrote, issued and/or approved service manuals, instructions, letters, bulletins, notices and warnings, and in some cases failed to issue such instructions, letters, bulletins, notices and warnings, and established maintenance manuals, maintenance instructions, service bulletins, inspection schedules and service life schedules, as further alleged below.

13. At all times herein mentioned, all Defendants, and each of them, were in the business of designing, manufacturing, testing, maintaining, repairing, modifying, assembling, servicing, inspecting, warrantying, advertising, marketing, distributing and selling aircraft and turbo-prop engines and component parts, modules and control units, including the Accident

Aircraft and Accident Engine, for the carriage and transportation by air of crew and passengers.

14. Defendants knew, or in the exercise of reasonable care should have known, that their aircraft and turbine engines, and component parts, modules and control units would be used in the same manner for which they were designed and manufactured, for the carriage and transportation by air of crew and passengers, and would be used according to the manuals and instructions published by defendants.

15. On or about July 16, 2005, while being used for the purpose for which it was designed, the Accident Engine and Accident Aircraft failed catastrophically in flight near Playa Flamingo, Costa Rica, causing the Accident Aircraft to crash, and resulting in injuries and then deaths of all of the occupants.

16. Plaintiffs are further informed and believe and allege that the failure was the result of the defective design, manufacture, testing, inspection and assembly of the Accident Aircraft and the Accident Engine.

17. Plaintiff GEORGE GUND III brings this action for wrongful death, individually, as Successor in Interest, and as Personal Representative of the Estate of Greg Gund, deceased. Plaintiff GEORGE GUND III is the surviving father of Greg Gund. Plaintiff THEO GUND is the surviving mother of Greg Gund, deceased. Plaintiffs GEORGE GUND III and THEO GUND are residents of California. GEORGE GUND IV is the surviving brother of Greg Gund, deceased. Greg Gund had neither spouse nor children surviving him.

18. On or about July 16, 2005, Greg Gund was the pilot aboard the Accident Aircraft as it was being flown at or near Playa Flamingo, Costa Rica, when it crashed causing serious, painful and ultimately fatal injuries to Greg Gund, and causing the plaintiffs to sustain damages within the State of California.

19. As a result of the foregoing, Greg Gund suffered pre-impact horror, fear and terror, pain and suffering, physical injury, pre-death fear and terror, and was otherwise injured in a personal and pecuniary manner.

20. Also killed in the crash were the other occupants of the Accident Aircraft.

@PFDesktop\::ODMA/PCDOCS/ELLHMDM/290698/1   **COMPLAINT FOR DAMAGES**

21. On or about July 16, 2005, the Accident Aircraft was owned by Plaintiff GG Aircraft, LLC, a Delaware Corporation with its principal place of business in San Francisco, California. As a result of the crash, the Accident Aircraft was a total loss.

22. A probate proceeding was commenced in the Superior Court of California for the County of Santa Cruz. Plaintiff George Gund III was appointed as the Special Administrator of the Estate of Greg Gund.

23. As a result of the foregoing and the matters herein alleged, plaintiffs have sustained economic and non-economic damages, funeral and burial expenses, property damage and all other damages available by law.

**FIRST CAUSE OF ACTION FOR WRONGFUL DEATH
AND SURVIVAL DAMAGES AGAINST DEFENDANTS PILATUS,
PRATT AND DOES 1-15
(NEGLIGENCE ALLEGATIONS)**

24. Plaintiffs reallege and incorporate by reference each and every allegation and statement contained in paragraphs 1 through 23 above as if fully set forth.

25. At all times herein relevant, it was the duty of defendants PILATUS, PRATT and DOES 1 through 15, including their officers, agents and employees, to exercise ordinary care in the design, testing, manufacture, assembly, inspection, certification, sale, distribution, maintenance, repair, servicing, developing and issuing instructions, and warnings, including service intervals, inspection intervals and life limits regarding the Accident Aircraft and its components, including the Accident Engine, so as not to cause injury to or the death to those who used the products.

26. Notwithstanding these duties, defendants PILATUS, PRATT and DOES 1 through 15 breached their duties in the design, testing, manufacture, assembly, certification, inspection, sale, lease, distribution, maintenance, repair, servicing, developing and issuing instructions and warnings, including service intervals, inspection intervals and life limits regarding the Accident Aircraft and its components, including the Accident Engine.

27. Plaintiffs are informed, believe and allege that defendants PILATUS, PRATT and DOES 1 through 15 negligently designed and/or manufactured and/or distributed the Accident Aircraft and its components, including the Accident Engine, by utilizing a design and materials prone to premature failure of certain components during normal and foreseeable operations. That failure mode would not have been detected in the ordinary course of pre-flight inspection or otherwise.

28. Defendants PILATUS, PRATT and DOES 1 through 15, as the designers and/or manufacturers and/or distributors of the Accident Aircraft and Accident Engine, had a duty to provide adequate warnings, instructions, training materials and maintenance and inspection procedures and intervals for the Accident Aircraft and the Accident Engine to ensure safe operation of the Accident Aircraft in normal flight, and they failed in that duty.

29. Plaintiffs are informed, believe and allege that defendants were required to provide certain warnings, instructions, training materials and maintenance and inspection intervals and procedures to operators of the Accident Aircraft and Accident Engine to enable them to determine the airworthiness and proper operation of the Accident Aircraft and Accident Engine. Defendants failed to warn, instruct, train and/or issue adequate maintenance and inspection procedures and other instructions regarding such dangers and/or issued inadequate warnings, instructions, training materials and maintenance and inspection procedures and intervals.

30. On or about July 16, 2005, as a direct and proximate result of one or more negligent acts or omissions of defendants PILATUS, PRATT and DOES 1 through 15, the Accident Aircraft suffered a catastrophic failure in flight that resulted in its crash.

31. Greg Gund was aware that he had been placed in imminent and hopeless peril and he apprehended the grave and dire circumstances in which he had been thrust. As a result, survival damages are warranted on behalf of the plaintiffs.

32. On or about July 16, 2005, as a direct result of the aforesaid conduct of the defendants PILATUS, PRATT and DOES 1 through 15, and each of them, decedent Greg Gund suffered fatal injuries, and as a result, plaintiffs were injured and damaged as herein

6

alleged and according to proof at trial.

33. As a direct result of the conduct of the Defendants, and each of them, plaintiffs have been deprived of the support that Greg Gund would have contributed to his family and estate during his lifetime, and the gifts and benefits that he would have bestowed upon them and that they reasonably expected to receive from him.

34. As a further direct result of the conduct of Defendants, and each of them, plaintiffs have been deprived of the love, care, companionship, comfort, assistance, protection, affection, society, moral support and guidance of Greg Gund.

35. Plaintiffs have therefor been damaged in amounts to be proven at time of trial.

**SECOND CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANTS PILATUS, PRATT AND DOES 1-15
(STRICT LIABILITY ALLEGATIONS)**

36. Plaintiffs reallege and incorporate by reference each and every allegation and statement contained in paragraphs 1 through 23 and 25 through 34 above as if fully set forth.

37. Plaintiffs are informed, believe and allege that defendants PILATUS, PRATT and DOES 1 through 15, and each of them, designed, manufactured, fabricated, converted, maintained, repaired, modified, designed, assembled, distributed, certified, sold, inspected, serviced, repaired, marketed, warranted, and advertised the Accident Aircraft and the Accident Engine, and each and every component part thereof.

38. Defendants were required to design the Accident Aircraft and the Accident Engine, including all service, maintenance and operations manuals so that they were free from design and manufacturing defects, and were required to design and manufacture an engine and airframe that would not fail in flight.

39. Defendants were required to provide certain warnings, instructions, training materials and maintenance and inspection intervals and procedures to operators of the Accident Aircraft and Accident Engine to enable them to determine the airworthiness and proper operation of the Accident Aircraft and Accident Engine. Defendants failed to warn, instruct, train and/or issue adequate maintenance and inspection procedures and other

7

1 instructions regarding such dangers and/or issued inadequate warnings, instructions, training
2 materials and maintenance and inspection procedures and intervals.

3     40. The Accident Aircraft and Accident Engine were capable of causing, and in fact
4 did cause, catastrophic personal injury and death to users and consumers while being used in a
5 manner reasonably foreseeable, thereby rendering the Accident Aircraft and Accident Engine
6 unsafe and dangerous for use by any consumer or user.

7     41. On or about July 16, 2005, the Accident Aircraft and Accident Engine were
8 being used for the purposes and in the manner for which they were designed and
9 manufactured, and in a manner that was reasonably foreseeable to defendants, They were in
10 the same condition without significant change from the original condition when sold and
11 delivered by defendants.

12     42. The Accident Aircraft and Accident Engine were defective, not fit for their
13 intended purposes and unreasonably dangerous by reason of defective design, manufacture,
14 testing, certification, maintenance, repair, modification, assembly, service, inspection,
15 warning, instruction and sale on the part of defendants.

16     43. As a direct result of defects in Defendants' design, manufacture, testing,
17 certification, maintenance, repair, modification, assembly, service, inspection, warning,
18 instruction and sale, the Accident Aircraft and the Accident Engine, and each and every
19 component part thereof, contained defects, as aforesaid, resulting in the crash of the Accident
20 Aircraft.

21     44. As a direct result of the defects in the Accident Aircraft and Accident Engine and
22 the conduct of defendants PILATUS, PRATT and DOES 1 through 15, and each of them,
23 decedent Greg Gund was killed, and as a result, plaintiffs were injured and damaged as herein
24 alleged and according to proof at trial.

25
26
27
28

### THIRD CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANTS PILATUS, PRATT AND DOES 1-15
### (BREACH OF WARRANTY ALLEGATIONS)

45. Plaintiffs reallege and incorporate by reference each and every allegation and statement contained in paragraphs 1 through 23, 15 through 35 and 37 through 34 above as if fully set forth.

46. At the time the Accident Aircraft was certified, sold, serviced and delivered, through and including July 16, 2005, defendants PILATUS, PRATT and DOES 1 through 15 expressly and/or impliedly warranted and represented that the Accident Aircraft and Accident Engine, including their instructions and warnings, were airworthy, of merchantable quality, fit and safe for the purposes for which they were designed, and free from defects. Defendants further warranted that the instructions, warnings and maintenance and inspection procedures and intervals regarding the Accident Aircraft and Accident Engine were adequate.

47. Plaintiffs are informed, believe and allege that at the time the Accident Aircraft and Accident Engine were sold, certified and delivered, through the date of the accident, the defendants breached their warranties in that the Accident Aircraft and Accident Engine were defective, not airworthy, not of merchantable quality, not fit and safe for the purpose for which they were designed, manufactured, assembled, inspected, tested, sold, certified, serviced, repaired, maintained, and intended to be used. Defendants further breached said warranties in that the instructions, warnings and maintenance and inspection procedures and intervals were not adequate.

48. Plaintiffs are informed, believe and allege that on the day of the accident, decedent Greg Gund was an intended beneficiary of the warranties extended by the defendants.

49. On or about July 16, 2005, as a direct and proximate result of the foregoing breach of warranties, the Accident Aircraft failed in flight and crashed, killing Greg Gund, and as a result, plaintiffs were injured and damaged as herein alleged and according to proof at trial.

### FOURTH CAUSE OF ACTION FOR PROPERTY DAMAGES AND INDEMNITY AGAINST DEFENDANTS PILATUS, PRATT AND DOES 1-15
### (NEGLIGENCE)

50. Plaintiffs reallege and incorporate by reference each and every allegation and statement contained in paragraphs 1 through 23 and 25 through 30 above as if fully set forth.

51. As a result of the negligence of Defendants, the Accident Aircraft was a total loss to Plaintiffs GG Aviation LLC, and plaintiff has been damaged according to proof at trial.

52. As a result of defendants' negligence which led to the crash, plaintiffs have incurred expenses for the recovery of the wreckage of the Accident Aircraft and the victims of the crash, and for the investigation of the accident, in amounts to be proven at trial.

53. As a further result of defendants' negligence which led to the crash, plaintiffs have or will incur expenses to settle the claims of other victims of the accident, which claims should be paid by defendants, who are at fault. Plaintiffs seek indemnity for those payments and for their costs and legal expenses so incurred, in amounts to be proven at time of trial.

### FIFTH CAUSE OF ACTION FOR PROPERTY DAMAGES AND INDEMNITY AGAINST DEFENDANTS PILATUS, PRATT AND DOES 1-15
### (STRICT LIABILITY)

54. Plaintiffs reallege and incorporate by reference each and every allegation and statement contained in paragraphs 1 through 23, 25 through 30, 37 through 44 and 51 through 53 above as if fully set forth.

55. As a result of the defects in the Accident Aircraft and the Accident Engine, the Accident Aircraft was a total loss to Plaintiffs GG Aviation LLC, and plaintiff has been damaged according to proof at trial.

56. As a result of the defects which led to the crash, plaintiffs have incurred expenses for the recovery of the wreckage of the Accident Aircraft and the victims of the crash, and for the investigation of the accident, in amounts to be proven at trial.

57. As a further result of the defects which led to the crash, plaintiffs have or will incur expenses to settle the claims of other victims of the accident, which claims should be

paid by defendants, who are responsible. Plaintiffs seek indemnity for those payments and for their costs and legal expenses so incurred, in amounts to be proven at time of trial.

### SIXTH CAUSE OF ACTION FOR PROPERTY DAMAGES AND INDEMNITY AGAINST DEFENDANTS PILATUS, PRATT AND DOES 1-15
### (BREACH OF WARRANTY)

58. Plaintiffs reallege and incorporate by reference each and every allegation and statement contained in paragraphs 1 through 23, 25 through 30, 37 through 44, 46 through 48 and 51 through 53 above as if fully set forth.

59. As a result of defendants' breaches of warranty, the Accident Aircraft was a total loss to Plaintiffs GG Aviation LLC, and plaintiff has been damaged according to proof at trial.

60. As a result of defendants' breaches of warranty which led to the crash, plaintiffs have incurred expenses for the recovery of the wreckage of the Accident Aircraft and the victims of the crash, and for the investigation of the accident, in amounts to be proven at trial.

61. As a further result of defendants' breaches of warranty which led to the crash, plaintiffs have or will incur expenses to settle the claims of other victims of the accident, which claims should be paid by defendants, who are responsible. Plaintiffs seek indemnity for those payments and for their costs and legal expenses so incurred, in amounts to be proven at time of trial.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all triable issues.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs expressly reserve the right to amend the Complaint up to and including the time of trial to include all theories of recovery and items of damages not yet ascertained, and demand judgments against Defendants as follows:

1. For general damages as set forth herein in a sum in excess of the jurisdiction of this Court and according to proof;

2. For special damages as set forth herein and according to proof;

3. For damages for pain and suffering, mental anguish, psychological and emotional distress, and disfigurement and for pre-impact fear of death, in excess of the jurisdictional limits of this court, according to proof at the time of trial;

4. For funeral and burial expenses according to proof;

5. For loss of earnings and loss of earning capacity in an amount according to proof;

6. For damages for the loss of the Accident Aircraft, according to proof;

7. For costs incurred in recovery of the wreckage and of the victims of the crash, according to proof;

8. For indemnify for any sums paid or that may be paid to the families of the victims of the crash, and legal fees so incurred;

9. For prejudgment interest according to proof, to the extent authorized by law;

10. For costs of suit incurred herein; and,

11. For such other and further relief as the Court deems just and proper.

DATED: July 2, 2007

ENGSTROM, LIPSCOMB & LACK

By: _____
WALTER J. LACK
ELIZABETH L. CROOKE
Attorneys for Plaintiffs

**COMPLAINT FOR DAMAGES**

# PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, 16th Floor, Los Angeles, CA 90067.

On **October 5, 2007,** I served the foregoing documents described as

**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS**

on the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Jeffrey A. Rossman, Esq.
McDermott Will & Emery
227 W. Monroe Street
Chicago, IL 60606-5096

[ ] BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.
[ ] BY PERSONAL DELIVERY: I delivered such envelope by hand to the offices of the addressee.
[ ] BY ELECTRONIC TRANSFER: I caused all of the pages of the above-entitled document to be sent to the recipients noted above via electronic transfer (FAX) at the respective telephone numbers indicated.
[ X ] BY FEDERAL EXPRESS: I served the above-entitled documents via overnight mail in said action by placing a true copy thereof in a sealed envelope in the designated area for Federal Express pick-up.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

Executed on **October 5, 2007,** at Los Angeles, California.

___X___ FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Linda Stark*
Linda Stark

3

NOTICE OF LAWSUIT AND WAIVER OF SUMMONS                    CASE NO. C 07 4902 MEJ