**GARTH W. AUBERT – SBN 162877**
**COURTNEY M. POEL – SBN 246299**
**MENDES & MOUNT, LLP**
445 South Figueroa Street, 38th Floor
Los Angeles, CA  90071-1601
Tel.: (213) 955-7700/ Fax: (213) 955-7725
Email: Garth.Aubert@mendes.com

Attorneys for Defendant
**PRATT & WHITNEY CANADA CORP.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GUND III, Individually, and as the personal representative of the ESTATE OF GREG GUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PILATUS AIRCRAFT, LTD., et al., <br><br> Defendants. | CASE NO. C 07 4902 (VRW) <br><br> [Removed from Superior Court of California for the County of San Francisco, Case No. CGC-07-465133] <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> [Pursuant to Civil Local Rule 16-9] |

Pursuant to Civil Local Rule 16-9 and the Court's Standing Order, the Parties hereby submit their Joint Case Management Statement in anticipation of the Case Management Conference scheduled for February 14, 2008 at 3:30 p.m.

1.  <u>Jurisdiction and Service</u>

Subject matter jurisdiction is based on 28 U.S.C. §§ 1332(a), 1441(b) and 1446.  There are no issues regarding personal jurisdiction or venue.

All of the named parties have been served.  Plaintiffs believe that all defendants essential to the resolution of this matter have been served.  Plaintiffs had previously named Pilatus Aircraft, Ltd. and Pilatus Business Aircraft as

defendants, but have dismissed both without prejudice, subject to a tolling agreement.

The parties note that another lawsuit arising from the same aircraft accident which gives rise to the instant matter is pending in San Francisco Superior Court (*Lori Rezabek-Kells, et al. v. Pilatus Aircraft, Ltd., et al.* Case No. CGC-07-465132). That lawsuit was filed by the aircraft passengers' estates and surviving family members. One of the defendants in that action, GG Aircraft, LLC (the registered owner of the subject aircraft) is one of the plaintiffs in this action. Pratt & Whitney Canada Corp. ("P&WC") is also a defendant in that action. The passenger plaintiffs in the state court action gave notice of a conditional, sliding scale settlement with the Gunds and GG Aircraft on November 30, 2007. On December 21, 2007, P&WC filed a motion pursuant to *California Code of Civil Procedure* § 877.6 challenging the purported "good faith" of the settlement. The matter was heard on January 17, 2008, and continued to March 19, 2008, to permit discovery to be taken on issues relevant to the *Tech-Bilt* factors. If the Superior Court denies the good faith determination, the parties expect to coordinate discovery in the two actions to eliminate unnecessary duplication and expense. P&WC may also file a counterclaim against the Plaintiffs in this action for indemnity and contribution. P&WC expects to make a final decision in this regard promptly after the good faith issue has been resolved in the Superior Court. If, on the other hand, the sliding scale settlement is ultimately determined to be in good faith pursuant to section 877.6, the parties herein expect GG Aircraft to be dismissed from the state court action, at which point complete diversity will exist between the remaining parties. The parties anticipate that the state court action will thereafter be removed to this Court and the cases consolidated for discovery purposes only.

///

///

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

- 2 -

224403.1 JointCMCStatement.DOC   02/07/2008 09:58 AM

2. <u>Facts</u>

On July 16, 2005, a Pilatus PC-6 model aircraft crashed into the Pacific Ocean near Playa Flamingo, Costa Rica. All six occupants aboard the aircraft died as a result of the crash. The aircraft pilot was Plaintiffs' decedent, Gregory Gund. The aircraft was owned by GG Aircraft, LLC.

In this action, Gregory Gund's parents, George Gund III and Theo Gund, George Gund IV, Gregory Gund's estate and GG Aircraft, LLC have sued the aircraft and engine manufacturers for wrongful death, for indemnity arising from sums anticipated to be paid to settle the passengers' wrongful death claims, and for the value of the aircraft itself. As previously noted, the heirs and families of the five passengers who died in the accident have filed suit in San Francisco Superior Court.

Plaintiffs contend that the crash was the result of an in-flight engine failure of the Pratt & Whitney Canada PT6A-27 turbo-prop engine, and will present a product liability action against the engine manufacturer. Plaintiffs have dismissed Pilatus, the aircraft manufacturer, without prejudice, subject to a tolling agreement.

Based on several inspections of the engine and its component parts, P&WC denies that there was any malfunction or failure of any kind of the engine. P&WC maintains instead that the accident resulted entirely from pilot error on the part of Gregory Gund.

The parties therefore dispute the cause of the accident, whether the engine was defective in any manner, whether P&WC was negligent, whether the pilot was negligent, whether any warranties existed in Plaintiffs' favor, whether any warranties were breached, and damages.

3. <u>Legal Issues</u>

P&WC maintains that Plaintiffs remedies' are limited by the Death on the High Seas Act, codified at 46 U.S.C. § 30302, et seq., which preempts state law

remedies. P&WC is also examining issues associated with the choice of law applicable to this case.

Plaintiffs dispute the application of the Death on the High Seas Act to this accident.

4. Motions

P&WC anticipates filing a motion for summary adjudication regarding the application of the Death on the High Seas Act in the near future. P&WC also anticipates the possibility of *Daubert* motions to exclude testimony offered by some of Plaintiffs' experts.

As discussed above, P&WC's motion challenging the "good faith" of the passengers' estates' settlement with the Gunds/GG Aircraft is scheduled to be heard again on March 19, 2008 in San Francisco Superior Court.

5. Amendment of Pleadings

As noted above, depending upon the outcome of the good faith settlement determination in San Francisco Superior Court, P&WC anticipates the possibility of filing a counterclaim against the Plaintiffs in this case.

Plaintiffs contend that this is the wrong action for such a counterclaim.

The parties propose a deadline of **May 1, 2008** to amend their pleadings.

6. Evidence Preservation

The parties have agreed to preserve the aircraft wreckage. The parties have conducted inspections of the engine and its component parts subject to agreed protocols, and anticipate scheduling a tear down inspection of the propeller within the next 60 days. The aircraft wreckage is stored in Costa Rica and remains under Plaintiffs' control, who have agreed to preserve it for further inspection by the parties. The engine and propeller are located in Arizona.

7. Disclosures

The parties anticipate exchanging timely disclosures of witnesses and documents pursuant to F.R.C.P. Rule 26(a) by February 7, 2008.

8. <u>Discovery</u>

The parties expect to pursue discovery regarding issues of both liability and damages. The parties do not presently anticipate any issues relating to the disclosure or discovery of electronically stored information.

The parties have conducted two inspections of the engine in Arizona, and a preliminary inspection of the wreckage in Costa Rica. A tear down inspection of the propeller is anticipated in the next 60 days, and a more thorough inspection of the wreckage in Costa Rica must also be scheduled by the parties in coordination with their experts.

Because this crash occurred in Costa Rica, issues of international law will arise during discovery. Numerous persons witnessed the accident and are located in Costa Rica. The parties have already taken steps to identify and locate these persons. The accident was also investigated by the Costa Rican civil aviation authorities, who issued a final report and determination regarding the probable cause of the accident.

Although Costa Rica is a signatory to the Inter-American Convention on the Taking of Evidence Abroad, the U.S. Department of State advises, "Keep in mind that the process for obtaining responses to Letters Rogatory in civil cases is very slow because the civil courts in Costa Rica are very inefficient." The parties therefore anticipate that there will be delays associated with necessary discovery activities in Costa Rica. The parties share a desire to conduct reasonable and necessary discovery in an efficient manner to the greatest extent possible, and are working together to identify potential solutions to the procedural hurdles that are likely to be encountered.

9. <u>Class Actions</u>

Not applicable.

///

///

10. <u>Related Cases</u>

This case is related to *Lori Rezabek-Kells, et al. v. Pilatus Aircraft, Ltd., et al.,* Case No. CGC-07-465132, pending in San Francisco Superior Court.

11. <u>Relief</u>

Plaintiffs seek to recover money damages for the death of Gregory Gund, indemnity for sums paid in settlement of the passengers' wrongful death claims, and the value of the Pilatus aircraft, which was destroyed in the accident, all in amounts to be proven at trial.

P&WC does not presently seek relief, subject to a potential counterclaim in the future.

12. <u>Settlement and ADR</u>

The parties have discussed ADR at some length, and have filed the required ADR Certifications with the Court.  The parties are presently exploring the possibility of an early, global (to include the passengers' heirs) mediation before a private mediator.  The parties have discussed and selected several potential mediators with whom counsel are familiar and have confidence based on prior experience.

The parties propose to undertake preliminary discovery to permit them to evaluate the strengths and weaknesses of their respective liability cases, as well as the measure of damages.  Because numerous witnesses and the wreckage are located in Costa Rica, the parties expect to encounter procedural hurdles and some delay associated with discovery there, and are working together to pursue the most expedient method of accomplishing same.

The parties have also discussed, and will continue to discuss, a process pursuant to which they can exchange confidential expert work product, protected by the mediation privilege, to be used only in the mediation setting and nowhere else.

The parties anticipate that they may be in a position to complete an early mediation of the case by **July 31, 2008**, assuming that some discovery in Costa Rica can be completed and that the calendar of their selected mediator(s) permit. Should the parties fail to resolve the case through mediation, they contemplate completing discovery on liability and damages, and undertaking the exchange of conventional expert reports pursuant to the F.R.C.P.

13. Consent to Magistrate Judge for All Purposes

Assignment to a Magistrate Judge for all purposes has been declined.

14. Other References

The parties do not believe that this case is suitable for binding arbitration or the services of a Special Master, nor is it appropriate for referral to the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

P&WC believes that issues regarding Plaintiffs' remedies will be narrowed through a determination regarding the application of the Death on the High Seas Act. Following the exchange of Rule 26 expert reports, P&WC anticipates that there will be issues regarding the admissibility of certain of Plaintiffs' expert opinions. Plaintiffs also anticipate that there will be issues regarding the admissibility of defense expert opinions.

16. Expedited Schedule

Due to the anticipated difficulties associated with discovery in Costa Rica, and the complexity of the liability issues, the parties do not believe that this case is appropriate for expedited scheduling.

17. Scheduling

The parties propose the following dates:

Completion of Non-Expert Discovery: **February 13, 2009**

Plaintiffs' Designation of Experts: **April 17, 2009**

Defendants' Designation of Experts: **May 15, 2009**

      Designation of Rebuttal Experts: **June 1, 2009**

      Discovery Cut-off: **July 3, 2009**

      Deadline to Hear Dispositive Motions: **August 7, 2009**

      Pretrial Conference: **October 2009**

      Trial: **November 2009**

18. <u>Trial</u>

The parties request a trial by jury. Plaintiffs believe the case can be tried in 10 days. P&WC believes the case will require 15 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

The parties have filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16.

Plaintiffs disclose North American Specialty Insurance Company as a potentially interested party, identified in an abundance of caution.

P&WC disclosed the following: United Technologies Corporation, Certain Underwriters at Lloyds London and London Market based aviation insurers.

20. <u>Other</u>

None.

DATED: February 6, 2008             **MENDES & MOUNT, LLP**

                                           By: /s/
                                           GARTH W. AUBERT
                                           Attorneys for Defendant
                                           **PRATT & WHITNEY CANADA CORP.**

DATED: February 6, 2008             **ENGSTROM, LIPSCOMB & LACK**

                                           By: /s/
                                           ELIZABETH L. CROOKE
                                           Attorneys for Plaintiffs